FILED

Dec 19   2 37 PM '03

U.S. DISTRICT COURT
NEW HAVEN CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR. | : | CIVIL NO.: 3:02cv02196(GLG) |
| PLAINTIFF | : | |
| VS. | : | |
| UNITED STATES OF AMERICA | : | |
| DEFENDANT | : | December 17, 2003 |

## MOTION FOR ORDER COMPELLING COMPLIANCE WITH DISCOVERY REQUESTS

1. Pursuant to Fed.R.Civ.P. 37(a) the Plaintiff moves this Court for entry of an Order compelling the defendant United States of America (the "Government") to provide full compliance to his requests for production of documents dated April 30, 2003. A copy of said document is attached hereto as Exhibit A.

2. On June 10, 2003 the Government filed its Objections and Responses to Plaintiff's Request for Production, a copy of which is attached hereto as Exhibit B. The Government objected to items 1, 2, 3, 4, 5 and 9, it provided numerous documents which were redacted to conceal the identity of a material witness to the incident complained of in the complaint, and it failed to provide other documents to which it had not objected in items 8 and 10.

3. On or about Aug. 28, 2003 attorneys for the parties conferred at length regarding the issues raised in the objection, and the documents that were neither objected to nor produced. The Government's attorney requested additional time to consider the issue and respond, and she provided addition records that had not been objected to in item 8, but not in item 10. No agreement, however, has been reached regarding production of the documents to which the Government has objected.

4. The documents requested but not yet produced are in the possession, custody or control of the Government, are properly discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and would greatly aid the plaintiff in preparation of his case for trial.

5. The refusal by the Government to produce the documents at issue, though claimed to be protected by virtue of the Federal Privacy Act (see 5 U.S.C. § 552a), is not supported by applicable case law. See e.g. **United States v. Nixon**, 418 U.S. 683, 710, 41 L.Ed. 2d 1039, 94 S. Ct. 3090 (1974) "privileges contravene the fundamental principle that the public ... has a right to every man's evidence.", **University of Pa. v. EEOC**, 493 U.S. 182, 189, 107 L. Ed. 2d 571, 110 S. Ct. 577 (1990); **Jaffee v. Redmond**, 518 U.S. 11, 9, 135 L. Ed. Wd 337, 116 S.Ct. 1923 (1996); **U.S. v. Proctor & Gamble, Co.** 356 U.S. 677 (1958). For cases concerning the Privacy Act, see **Thomas v. United States Dept. of Energy**, 719 F.2d 342,

(C.A. 10) (1983); **Andrews v. Veterans Admin. Of U.S.,** 613 F.Supp 1404, (D.Ct. Wyo.) (1985); **Savada v. U.S. Dept. of Defense**, 755 F. Supp 6, (D.Ct., D.C.) (1991); **Broderick v. Shad,** 117 F.R.D. 306, 43 B.N.A. FEP Cas 532 (D.Ct., D.C) (1987); and **Ford Motor Co. v. U.S.** 1993, CIT) 825 F.Supp 1081, 15 BNA Intl Trad Rep 1795.

    WHEREFORE, the Plaintiff moves this Court to order the Government to fully and promptly comply with the plaintiff's requests for production numbers 1, 2, 3, 4, 5, 9, and 10.

                                       **THE PLAINTIFF,**
                                       **FRANK C. SOMOHANO, JR.**

By: _____
Kenneth E. Lenz, Fed. Bar No.: ct06417
The Lenz Law Firm, L.L.C.
35 Old Tavern Rd., Ste. 1-2
P.O. Box 965
Orange, CT  06477-0965
(203) 891-9800

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR.<br>Plaintiff | : <br> : <br> : | CIVIL ACTION NO.:<br>3:02cv02196(GLG) |
| VS. | : <br> : | |
| UNITED STATES OF AMERICA<br>Defendant | : <br> : | April 30, 2003 |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34(a), the plaintiff through his attorney, hereby requests the defendant to produce and permit the plaintiff's attorney to inspect and copy, the following designated documents within thirty (30) days of this date, by delivering the same to The Lenz Law Firm, L.L.C., 35 Old Tavern Road, First Floor, Suite 2, P.O. Box 965, Orange, CT 06477-0965.

1. All police reports, whether generated by the West Haven Veterans Administration Medical Center Police Department ("VAMCPD"), an internal security department, the Internal Affairs Division of the VAMCPD, or any other police agency, which are in the possession and custody of the West Haven Veterans Administration Medical Center Police

Department or any agent of the United States of America, concerning the plaintiff and regarding the events set forth in plaintiff's complaint.

2. The personnel file and all Bureau of Internal Affairs' files on each police officer involved in the events of January 31, 2001 set forth in plaintiff's complaint.

3. Any oral statement reduced to writing or preserved on audio or video tape, and any written statement, by any witness, plaintiff, defendant, informant or other person, concerning the incident alleged in plaintiff's complaint.

4. Any and all documents collected or created in connection with the investigation of alleged patient abuse regarding the plaintiff, including all affidavits, Code Two Reports, memoranda, emergency room reports, summaries, written statements, depositions, letters and reports to the medical director of VAMC.

5. All complaints or allegations of patient abuse or police misconduct against any police officer of medical personnel involved in the incident described in the plaintiff's complaint.

6. Any policy guidelines or manual regarding the use of force, or arrest, to be observed and followed by officers of the VAMCPD.
7. Any policy guidelines or manual regarding the procedures to be observed and followed by medical personnel concerning Code 2 incidents.
8. All medical records, including photographs of plaintiff concerning plaintiff's injuries as alleged in plaintiff's complaint.
9. All personnel and/or other employment-related files maintained concerning each VAMC employee who was involved in the incident described in the plaintiff's complaint (including, but not limited to: the medical ER charge nurse, the patient services assistant, the nurse manager, all police officers responding to the Code 2, the triage clerk, the psychiatrist, any doctor, psychiatrist, doctor, or other officer in charge) concerning such employees' duty assignments, work performance evaluations, disciplinary actions, reprimands, promotions, demotions, transfers, separations from employment (including resignations and discharges), and citizen or patient complaints regarding the employee's behavior and treatment of patients or visitors to VAMC.

10. Copies of all correspondence between the plaintiff and the Department of Veteran's Affairs, or documents provided to the plaintiff by the Department of Veterans Affairs since January 31, 2001.

        THE PLAINTIFF,
        FRANK SOMOHANO, SR.

By: _____
Kenneth E. Lenz,
The Lenz Law Firm, L.L.C.
P.O. Box 965
35 Old Tavern Rd., Ste. 1-2
Orange, CT  06477-0965
Tel.: (203) 891-9800
His Attorney
Federal Bar No. ct06419

## CERTIFICATION OF SERVICE

Service of the foregoing via first-class mail on this April 30, 2003 is hereby certified to the following:

Lauren M. Nash,
Assistant U.S. Attorney
Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, CT 06508

Atty. Cynthia L. Tyler
Dept of Veterans Affairs
555 Willard Ave.
Newington, CT 06111

_____
Kenneth E. Lenz,
Commissioner of the Superior Court

5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK C. SOMOHANO, SR. | : |
| PLAINTIFF, | :    CIVIL NO. 3:02CV02196(GLG) |
| V. | : |
| UNITED STATES OF AMERICA, | : |
| DEFENDANT. | :    JUNE 10, 2003 |

### DEFENDANT UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, United States of America, through its undersigned counsel, hereby submits objections and responses to Plaintiff's requests for production of documents as follows:

1.    All police reports, whether generated by the West Haven Veterans Administration Medical Center Police Department ("VAMCPD"), an internal security department, the Internal Affairs Division of the VAMCPD, or any other police agency, which are in the possession and custody of the West Haven Veterans Administration Medical Center Police Department or any agent of the United States of America, concerning the plaintiff and regarding the events set forth in plaintiff's complaint.

**OBJECTION AND RESPONSE:**

In response to this Request, Defendant produces herewith the Report of Board of Investigation regarding the Plaintiff's claims of patient abuse. This report contains Exhibits 1 through 21 (testimony taken) and Exhibits A through TT (documents reviewed). Defendant has redacted the following information from this Report of Board Investigation and exhibits thereto for the reasons stated below:

1. <u>April 19, 2001 Report of Board Investigation, page 2, item 10 (exhibit list)</u>: The name of the outpatient has been redacted. Defendant objects to the release of this information as an unwarranted invasion of the patient's personal privacy pursuant to the Federal Privacy Act. <u>See</u> 5 U.S.C. § 552a.

2. <u>April 19, 2001 Report of Board Investigation, page 8, section 3</u>: The name of the veteran patient has been redacted. Defendant objects to the release of this information as an unwarranted invasion of the patient's personal privacy pursuant to the Federal Privacy Act. <u>See</u> 5 U.S.C. § 552a.

3. <u>April 19, 2001 Report of Board Investigation, Exhibit 10</u>: The testimony of the patient referred to above is in the process of being redacted to remove the person's name. Defendant objects to the release of this information as an unwarranted invasion of the patient's personal privacy pursuant to the Federal Privacy Act. <u>See</u> 5 U.S.C. § 552a. The redacted document will be produced shortly hereafter.

4. <u>April 19, 2001 Report of Board Investigation, Exhibit A (Code 2 Report)</u>: Exhibit A has been withheld in its entirety. Defendant objects to the release of this exhibit as it contains confidential quality assurance information gathered by the VA Connecticut Healthcare System. Production of this information is <u>prohibited pursuant to 38 U.S.C. § 5705.</u>

5. <u>April 19, 2001 Report of Board Investigation, Exhibit C (Uniform Offense Report)</u>: The home address of VA Employee Catherine Rogers has been redacted. Defendant objects to the release of this information as an unwarranted invasion of the employee's personal privacy pursuant to the Federal Privacy Act. <u>See</u> 5 U.S.C. § 552a. In addition, stamps on pages 1 and 3 of Exhibit C marking this document as a "confidential quality assurance document" have been redacted as the stamps were placed on the document in error.

6. <u>April 19, 2001 Report of Board Investigation, Exhibit G (Report of Contact)</u>: A stamp at the top of the page marking this document as a "confidential quality assurance document" has been redacted as the stamp was placed on the document in error.

7. <u>April 19, 2001 Report of Board Investigation, Exhibit H (E-mail)</u>: A stamp at the top of the page marking this document as a "confidential quality assurance document" has been redacted as the stamp was placed on the document in error.

8.    <u>April 19, 2001 Report of Board Investigation, Exhibit I (Report of Contact)</u>: A stamp at the top of the page marking this document as a "confidential quality assurance document" has been redacted as the stamp was placed on the document in error.

2.    The personnel file and all Bureau of Internal Affairs' files on each police officer involved in the events of January 31, 2001 set forth in plaintiff's complaint.

**OBJECTION:**

Defendant objects to this request as vague and overbroad. In addition, Defendant objects to the information sought regarding VA Police Officers as an unwarranted invasion of their personal privacy pursuant to the Federal Privacy Act. See 5 U.S.C. § 552a.

3.    Any oral statement reduced to writing or preserved on audio or video tape, and any written statement, by any witness, plaintiff, defendant, informant or other person, concerning the incident alleged in plaintiff's complaint.

**OBJECTION AND RESPONSE:**

Defendant objects to the production of Exhibit 10 until the document is redacted to remove the person's name. Defendant objects to the release of this information as an unwarranted invasion of the patient's personal privacy pursuant to the Federal Privacy Act. See 5 U.S.C. § 552a. The redacted document will be produced after redaction.

Subject to and without waiving this objection, see Report of Board of Investigation, Exhibits 1 through 9, and 11 through 21.

4.    Any and all documents collected or created in connection with the investigation of alleged patient abuse regarding the plaintiff, including all affidavits, Code Two Reports, memoranda, emergency room reports, summaries, written statements, depositions, letters and reports to the medical director of VAMC.

- 3 -

**OBJECTION AND RESPONSE:**

See Report of Board of Investigation, Exhibits B through TT. Defendant objects to the release of Exhibit A as it contains confidential quality assurance information gathered by the VA Connecticut Healthcare System. Production of this information is prohibited pursuant to 38 U.S.C. § 5705.

5. All complaints or allegations of patient abuse or police misconduct against any police officer of medical personnel involved in the incident described in the plaintiff's complaint.

**OBJECTION:**

Defendant objects to the information sought regarding VA Police Officers as an unwarranted invasion of their personal privacy pursuant to the Federal Privacy Act. See 5 U.S.C. § 552a.

6. Any policy guidelines or manual regarding the use of force, or arrest, to be observed and followed by officers of the VAMCPD.

**RESPONSE:**

In response to this Request, Defendant produces herewith VA Connecticut Healthcare System Policy No. 116A-7 entitled "Team for Management of Disruptive or Threatening Behavior - Calls for Assistance." Two versions of this policy are produced, the first dated October 15, 1997 and the second dated May 13, 2002.

7. Any policy guidelines or manual regarding the procedures to be observed and followed by medical personnel concerning Code 2 incidents.

**RESPONSE:**

See Response to Request for Production Number 6.

- 4 -

8. All medical records, including photographs of plaintiff concerning plaintiff's injuries as alleged in plaintiff's complaint.

**RESPONSE:**

Defendant has no photographs, but does have medical records. They will be provided to the Plaintiff under separate cover shortly hereafter.

9. All personnel and/or other employment-related files maintained concerning each VAMC employee who was involved in the incident described in the plaintiff's complaint (including, but not limited to: the medical ER charge nurse, the patient services assistant, the nurse manager, all police officers responding to the Code 2, the triage clerk, the psychiatrist, any doctor, psychiatrist, doctor, or other officer in charge) concerning such employees' duty assignments, work performance evaluations, disciplinary actions, reprimands, promotions, demotions, transfers, separations from employment (including resignations and discharges), and citizen or patient complaints regarding the employee's behavior and treatment of patients or visitors to VAMC.

**OBJECTION:**

Defendant objects to the information sought regarding VA employees as an unwarranted invasion of their personal privacy pursuant to the Federal Privacy Act. See 5 U.S.C. § 552a.

- 5 -

10.   Copies of all correspondence between the plaintiff and the Department of Veterans's Affairs, or documents provided to the plaintiff by the Department of Veterans Affairs since January 31, 2001.

**RESPONSE:**

Copies of these documents are believed to be already in the Plaintiff's possession.

>                           DEFENDANT, UNITED STATES OF
>                           AMERICA
>
>                           KEVIN J. O'CONNOR
>                           UNITED STATES ATTORNEY
>
>                           */s/ Lauren M. Nash*
>                           LAUREN M. NASH
>                           ASSISTANT U.S. ATTORNEY
>                           FEDERAL BAR NO. ct01705
>                           P.O. BOX 1824
>                           NEW HAVEN, CT  06508
>                           (203) 821-3700

## CERTIFICATION

This is to certify that a copy of the within and foregoing Defendant United States of America's Objections and Responses to Plaintiff's Requests for Production of Documents was mailed, postage prepaid, this 10th day of June, 2003, to:

Kenneth E. Lenz, Esq.
The Lenz Law Firm, L.L.C.
P. O. Box 965
35 Old Tavern Road, Suite 1-2
Orange, CT 06477-0965

*LAUREN M. NASH*
ASSISTANT U.S. ATTORNEY

- 7 -

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Motion for Order and proposed order were served upon the following on December 17, 2003:

*Attorneys for the Government:*
AUSA Lauren Nash
P.O. Box 1824
New Haven, CT 06508

Atty. Cynthia L. Tyler
Dept. of Veterans Affairs
555 Willard Ave.
Newington, CT 06111

Frank C. Somohano, Sr.
255 Rock Road
Milford, CT 06460
*The Plaintiff*

Kenneth E. Lenz ct06417

4