UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR. | : | |
| | : | |
| PLAINTIFF, | : | CIVIL NO. 3:02CV02196(GLG) |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| DEFENDANT. | : | FEBRUARY 9, 2004 |

DEFENDANT UNITED STATES OF AMERICA'S
MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Pursuant to Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut and the Order of this Court dated January 16, 2004, the Defendant, United States of America, hereby submits this memorandum in opposition to the Plaintiff's Motion to Compel Compliance with Discovery Requests. Plaintiff's motion is without basis and should be denied.

First, Plaintiff's motion is deficient in that it fails to comply with Local Civil Rule 37(a). Pursuant to that rule,

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has

NO ORAL ARGUMENT IS REQUESTED

> been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. L. Civ. R. 37(a)(2).  While Plaintiff's counsel has made representations in his motion, he has not submitted an affidavit in support of his motion to compel.  This failure warrants the denial of the motion.

In addition, Plaintiff's motion to compel is untimely.  Plaintiff's motion to compel was served on December 17, 2003, some six months after the government's June 10, 2003 responses were served.  While counsel of record did discuss discovery issues in August and September of 2003, and the government made a supplemental production response as to Interrogatory Number 8, the government did indicate during those discussions that it would not produce information which was of a confidential or private nature.  Thus, Plaintiff's motion to compel has not been timely filed, and should be denied on that basis. See Capossi v. The Gale Group, Inc., Civ. No. 3:00CV2129 (WWE), 2002 WL 1627626, at *1 (D. Conn. June 4, 2002).

As to the merits of the Plaintiff's motion to compel, Plaintiff seeks responses to Requests for Production 1, 2, 3, 4, 5, 9 and 10, yet only appears to challenge the government's concerns under the Privacy Act, 5 U.S.C. § 552a, with respect to the name of a potential witness in this case.  The government raised the Privacy Act in response to Requests Number 1, 2, 3, 5, and 9 and refused to disclose personnel

information about VA employees as well as the name of witness to the incident on the grounds that the individual was a patient at the VA at the time.[1]

The Privacy Act "generally bars disclosure of personal information, absent consent of the individual affected." Federal Labor Relations Authority v. U.S. Dept. of Veterans Affairs, 958 F.2d 503, 505 (2d Cir. 1992). Pursuant to the Act, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. . . " 5 U.S.C. § 552a(b). The Privacy Act contains exceptions to its prohibition against disclosure, including with respect to information that must be made available under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, 5 U.S.C. § 552a(b)(2). Federal Labor Relations Authority, 958 F.2d at 505. The Privacy Act also allows disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). While it has been held that the Privacy Act "does not create a qualified discovery privilege," Mary Imogene Bassett Hosp. v. Sullivan, 136 F.R.D. 42, 49-50 (N.D.N.Y.1991) (quoting Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C.Cir.1987)), it is

---

[1]The government also objected to the release of any documentation containing confidential quality assurance information gathered by the VA Connecticut Healthcare System pursuant to 38 U.S.C. § 5705. See Defendant's Responses to Requests Number 1 and 4, attached to Plaintiff's Motion as Exhibit B. Plaintiff does not address this issue in his moving papers. In any event, the government properly invoked the protection of Section 5705. That section provides that "[r]ecords and documents created by the Department [of Veterans Affairs] as part of a medical quality-assurance program . . . are confidential and privileged and may not be disclosed to any person or entity except as provided in subsection (b) of this section. " None of the exceptions applies in this case.

also true that "[t]he fact that a document is subject to the Privacy Act is not . . . irrelevant to the manner in which discovery should proceed." Laxalt, 809 F.2d at 889. The Privacy Act "reflect(s) a congressional judgment that certain delineated categories of documents may contain sensitive data which warrants a more considered and cautious treatment." Laxalt, 809 F.2d at 889; see also Boudreaux v. United States, No. CIV.A. 97-1592, 1999 WL 499911, at *2 (E.D. La. July 14, 1999).

In the present case, when the government responded to the Plaintiff's discovery requests in June of 2003, it would not disclose Privacy Act information including personnel information about VA employees and personal information which would identify a patient at the VA. Such disclosure would have been improper in the absence of authorization or a court order permitting such disclosure and limiting any additional disclosure.[2]  It is likely that counsel could have reached agreement concerning the terms of such an order had the issue been pursued, but counsel never concluded their discussions on the issue, and frankly, undersigned counsel believed that the matter had been abandoned by Plaintiff's counsel.   Now that several months have passed, the government submits that the Plaintiff has lost his opportunity to obtain such information. Should the Court reach the merits of the Plaintiff's motion to compel, the government

---

[2]Further, the VA's release of the patient's name without a valid authorization or court order may well have been in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPPA), 110 Stat.1936 (1996), and the regulations promulgated thereunder.  Pursuant to the HIPPA, a covered entity such as the VA may not disclose protected health information without such authorization or order. See, e.g., 45 C.F.R. §§ 164.508(a), 164.512(e).

respectfully requests the opportunity to fashion a proposed court order which would govern the terms of such disclosure.[3]

For the foregoing reasons, the Defendant, United States of America, requests that the Plaintiff's motion to compel be denied.

DEFENDANT, UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct01705
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700

---

[3] The Plaintiff's motion makes reference to, but fails to argue, the government's response to Request Number 10, which sought copies of all correspondence between the plaintiff and the Department of Veterans's Affairs, or documents provided to the plaintiff by the Department of Veterans Affairs since January 31, 2001.  The government responded that copies of these documents are believed to be already in the Plaintiff's possession.  This response was reasonable in light of the fact that the response sought documents already provided to the Plaintiff.   Plaintiff's counsel has not indicated that he is not in possession of the requested documents.

CERTIFICATION

This is to certify that a copy of the within and foregoing Defendant United States of America's Memorandum in Opposition to Plaintiff's Motion to Compel was mailed, postage prepaid, this 9th day of February, 2004, to:

Kenneth E. Lenz, Esq.
The Lenz Law Firm, L.L.C.
P. O. Box 965
35 Old Tavern Road, Suite 1-2
Orange, CT 06477-0965

                                              LAUREN M. NASH
                                              ASSISTANT U.S. ATTORNEY