FILED

MAR 4  3 29 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR. | : | CIVIL NO.: 3:02 CV 2196 GLG |
|     Plaintiff | | |
| VS. | : | March 3, 2004 |
| UNITED STATES OF AMERICA | : | |
|     Defendant | | |

### PLAINTIFF'S REPLY TO DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

This reply memorandum is in response to the memorandum of the United States dated Feb. 9, 2004 filed in opposition to the plaintiff's motion for order to compel production of documents.

1.    The Government argues that because the plaintiff's attorney did not file an affidavit of discussion of discovery issues between counsel pursuant to L.Civ.R. 37(a)(2), the motion should be summarily denied. Plaintiff's counsel included in paragraph 3 of his motion facts concerning discussion of counsel. Further, attached hereto is an affidavit repeating in affidavit form that counsel conferred regarding resolving the discovery issue, but were unable to come to agreement.

2. The Government's second argument is that the motion is untimely and should be denied. It cites <u>Capozzi v. The Gale Group, Inc.</u> Civ. No.: 3:00CV2129 (WWE), 2002 U.S. Dist. LEXIS 17096 (D. Conn. June 3, 2002). The facts in <u>Capozzi</u> are quite distinct. There, counsel for the plaintiff, instead of seeking to compel discovery, twice moved to enlarge the timeframe for discovery, on the second of which, the Court (Eggington) granted the extension, but "no further extensions". Then on the eve of expiration of the second extended discovery deadline, the plaintiff sought to compel discovery. In the instant case the motion to compel was brought prior to the first motion for extension.

The Government has not claimed any prejudice in the delay of filing the motion to compel. It is disingenuous that it takes this position at all, since the Government's attorneys repeatedly have requested and the plaintiff granted requests for delays in producing discovery, resolving discovery issues, and indeed in its present response.

3. Getting to the merits of the discovery issue, the Government then argues that the plaintiff's motion appears only to challenge its concern under the Privacy Act with respect to the name of a potential witness in this case. As attorney for the Government well knows, it has objected to Production items 1, 2, 3, 4, 5, and 9 on identical grounds, all of which raise the same legal issue. No waiver of the other

2

production items was made or intended by the plaintiff. It then cites dicta in <u>Laxalt</u> and <u>Basset Hospital</u> that the Privacy Act does not create a qualified privilege, but neither are the claims irrelevant.

4.  The Government then "requests the opportunity to fashion a proposed court order to govern the terms of disclosure", but it does not discuss what such order should contain. It is respectfully suggested that the Government should have raised such issues during discussions with the plaintiff's attorney in August, 2003, and at the least it should have proposed language for the orders it now seeks to protect the privacy of its employees and a witness.

For the foregoing reasons, The Plaintiff requests that his motion for orders compelling disclosure be granted, without further delay.

                          THE PLAINTIFF,
                          FRANK C. SOMOHANO, SR.

By: _____
Kenneth E. Lenz, #CT06419
The Lenz Law Firm, L.L.C.
P.O. Box 965
35 Old Tavern Rd., Ste. 1-2
Orange, CT 06477-0965
Tel.: (203) 891-9800
His Attorney

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR.<br>**Plaintiff** | : | CIVIL NO.: 3:02 CV 2196 GLG |
| VS. | : | March 3, 2004 |
| UNITED STATES OF AMERICA<br>**Defendant** | : | |

### AFFIDAVIT OF KENNETH E. LENZ

Then came your affiant and, being duly sworn, gave oath as follows:

1. I am the attorney for the plaintiff in the above-captioned matter, and I am submitting this affidavit pursuant to L.Civ.R.37(a)(2).

2. On or about June 30, 2003 I first received and reviewed the Government's objections and responses to requests for production that contained objections to production items 1, 2, 3, 4, 5, and 9, based upon claims under the Privacy Act, as well as a separate non-producing responses relating to items 8 and 10.

3. After reviewing the documents actually produced and the numerous redactions taken, I then researched the laws concerning said discovery issues.

4. On July 16, July 24, August 12, and August 19, 2003 I telephoned the Government's attorney, Lauren Nash, leaving messages on some or all occasions.

5. On or about Aug. 28, 2003 AUSA Nash and I discussed the discovery issues concerning the requests .

6. With regard to the Government's Privacy Act claims relating to items 1, 2, 3, 4, 5 and 9, we were unable to agree upon any further production at that time. Ms. Nash requested that she be given a week to further consider the Government's position before we went further.

7. Counsel were able to agree that item #8, the plaintiff's medical records, would be provided, and a few days later, I received them.

8. On or about September 2, Sept. 10, Sept. 18, and Nov. 6, and Nov. 20, 2002 I telephoned Ms. Nash, leaving messages on some or all occasions, but I did not ever receive a return call from her.

9. On or about Dec. 17th, 2002, having concluded that the Government's position as expressed in the response of June 30th, 2003 was *de facto* its final position regarding items 1, 2, 3, 4, 5, and 9 I filed a motion for order compelling discovery.

10. In my opinion, I have made a good faith effort to resolve by agreement without the intervention of the court the issues raised in my motion to compel, and the issues remain unresolved.

I hereby declare under the penalties of perjury that the foregoing is a true statement.

Kenneth E. Lenz,
Attorney at Law

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing memorandum and affidavit were mailed postage prepaid on March 3, 2004 to the following persons:

AUSA Lauren M. Nash
P.O. Box 1824
New Haven, CT 06508

Attorney Cynthia L. Tyler
Dept. of Veteran's Affairs
555 Willard Ave.
Newington, CT 06111

Kenneth E. Lenz
Fed. Bar #ct06419

4