UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK C. SOMOHANO, SR. | : | |
| PLAINTIFF, | : | CIVIL NO. 3:02CV02196(AWT) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| DEFENDANT. | : | June 28, 2004 |

## SECOND AMENDED FORM 26(F)
## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 38, the parties

through their undersigned counsel, Kenneth E. Lenz, Esq. for the Plaintiff, Frank C.

Somohano, Sr. ("Plaintiff"), and Lauren M. Nash, Assistant United States Attorney, for

the Defendant, United States of America ("Defendant"), hereby respectfully submit the

following Second Amended Report of Parties' Planning Meeting:

**Date Complaint Filed:**    December 12. 2002

**Date Complaint Served:**    The United States Attorney's Office for the District of
Connecticut was served with the summons and complaint on
December 19, 2002.

**Date of Defendant's
Appearance:**    Defendant's appearance was filed on February 11, 2003.

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. (FTCA).

## III.    JOINT DESCRIPTION OF CASE

Plaintiff has brought suit alleging VA negligence in connection with an incident that occurred at the VA Connecticut Healthcare System, West Haven Campus (WHVA) on January 31. 2001. The complaint alleges that Plaintiff sought treatment at the WHVA on that date and was assaulted by VA security personnel.  Plaintiff alleges that he suffered damages as a result of this negligence.  The damages sought are in the amount of $1,500,000.00. Defendant denies that Plaintiff is entitled to the damages he seeks as alleged in the complaint.

## IV.     STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are currently undisputed:

1.     Plaintiff is a veteran who was honorably discharged and who receives service-connected disability benefits.

2.     On January 31, 2001, Plaintiff presented for treatment at the WHVA.

3.     While waiting for treatment, Plaintiff complained about another patient being seen before him.

4.     At some point thereafter, Plaintiff entered the emergency room.

5.     Thereafter, the ER charge nurse directed the Plaintiff to return to the ER waiting room, and he complied.

6.     When Plaintiff returned to the waiting room, he found that several security guards had been summoned.

7.     The security officers were employees of the United States.

8.     On or about June 14, 2001, Plaintiff filed an administrative tort claim in connection with this matter.

9.     This tort claim was denied on August 14, 2001, and that the Plaintiff's request for reconsideration was denied by the VA Office of General Counsel on June 28, 2002.

## V.   CASE MANAGEMENT PLAN:

A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.   Early Settlement Conference

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.   The parties do not request an early settlement conference.

3.   At the time a conference is requested, the parties prefer a settlement conference with a presiding judge or a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36 at this time.

D.   Joinder of Parties and Amendment of Pleadings

1.   The parties should be allowed until April 30, 2003 to file motions to join additional parties and to file motions to amend the pleadings.

E.    Discovery

1.    The parties anticipate that discovery will be needed on the following

issues:

- The circumstances surrounding the foregoing incident at the WHVA on

    January 31,2001;

- Whether the VA engaged in negligent or wrongful conduct in connection

    with this incident;

- Whether the injuries and damages claimed by the Plaintiff resulted from

    any such VA misconduct or negligence;

- Whether the Plaintiff is owed any damages.

2.    All discovery, including depositions of expert witnesses pursuant to Fed.

R Civ. P. 26fb)(4), will be commenced by April 1,2003 and completed (not

propounded) by **December 30, 2004.**

3.    Discovery will not be conducted in phases.

4.    The parties anticipate that they will each require a total of 5-7 depositions

of fact witnesses. The depositions will be completed by **December 30,2004**

5.    The parties do not anticipate requesting permission to serve more than 25

interrogatories, but reserve the right to request permission to serve more than 25

interrogatories.

6.    Plaintiff intends to call expert witnesses at trial, and will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) not later than three (3) months before the deadline for completing all discovery. Depositions of such experts will be completed not later than two (2) months before the deadline for completing afl discovery.

7.    Defendant intends to call expert witnesses at trial, and will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) not later than one (1) month before the deadline for completing all discovery,  Depositions of such experts will be completed not later than the deadline for completing all discovery.

8.    A damages analysis will be provided by any party who has a claim or counterclaim for by **January 14, 2005**

F.    Dispositive Motions

Dispositive motions will be filed on or before thirty (30) days after the deadline for completing all discovery.

G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed within thirty (30) days of the completion of discovery or within thirty (30) days after the Court's ruling on any pending dispositive motions, to the extent any are filed.

## V.    CASE MANAGEMENT PLAN:

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

PLAINTIFF, FRANK C. SOMOHANO. SR.

DATE:  June 28, 2004

By:_____
KENNETH E. LENZ
THE LENZ LAW FIRM, L.L.C.
P.O. BOX 965
35 OLD TAVERN ROAD, SUITE 1-2
ORANGE, CT 06477-0965
(203)891-9800
FEDERAL BAR NO. ct06419


DEFENDANT, UNITED STATES OF AMERICA

DATE:: 7-6-04     , 2004

By:_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
CONNECTICUT FINANCIAL CENTER
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203)821-3700
FEDERAL BAR NO. ct01705