UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK C. SOMOHANO, SR. : | |
| : | |
| PLAINTIFF, : | CIVIL NO. 3:02CV02196(GLG) |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| DEFENDANT. : | |

**STIPULATED PROTECTIVE ORDER**

To protect individually identifiable health information entitled to be kept confidential; and

To facilitate the disclosure of individually identifiable health information, sought for purposes of this action, in accordance with the terms and conditions of 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v),

IT IS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court's inherent authority,[ and with the consent of the parties to this action,] hereby ORDERED that:

1.      As used in this Order, the term "protected health information" is synonymous in meaning and equal in scope to the usage of this term in 45 C.F.R. § 164.501.

2.      The term "Documents," as used in this Order, is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and shall include, without limitation, all writings, drawings, graphs, charts, photographs, phonorecords, data compilations from which information can be obtained or translated, and any other recorded (including electronically recorded) or graphic matter whatsoever.

3.　In response to any subpoena, discovery request, or other lawful process in this action calling in whole or in part for the disclosure of protected health information, a producing entity may designate as "Confidential" any Document, or any portion thereof, that contains or reflects protected health information. Documents so designated are referred to herein as "Confidential Documents." The failure to designate any Document as Confidential shall not constitute a waiver of a producing entity's assertion that the materials are covered by this Order.

4.　The parties may use or disclose Confidential Documents produced in the course of the proceedings herein, and any information derived therefrom, including, but not limited to, extracts, summaries, memoranda, and correspondence quoting or containing information from Confidential Documents (referred to herein as "Confidential Information") solely for the purpose of the prosecution or defense of this action, and for no other purpose.

5.　The parties shall allow no person to have access to Confidential Information, nor shall any person be informed of the substance of Confidential Information, except as otherwise provided in this Order or by further order of the Court.

6.　The parties shall not disclose or distribute Confidential Information to any person or entity other than the following:

>   (a)　the parties to this action, as well as employees of and the attorneys for the parties (including their paralegals, clerical and other assistants) who have a clear need for access to Confidential Information in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

  (b) persons retained by a party or its counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, provided such persons have signed an acknowledgement in the form annexed hereto as Appendix A, attesting to the fact that they have read this Order and agree to be bound by its terms;

  (c) persons with factual knowledge relating to the case in the course of an interview, deposition, or testimony, in the reasonable and good faith belief of counsel that examination with respect to the Confidential Information is necessary or appropriate for the prosecution or defense of the case;

  (d) stenographers engaged to transcribe depositions conducted in this action; and

  (e) the Court and its support personnel.

The parties shall not disclose Confidential Information to any persons described under subparagraphs (c), or (d) unless and until such persons have read and signed an acknowledgment, in the form attached hereto as Appendix B, that the information to be shared with them contains individually identifiable health information of a personal and private nature, that is subject to this Order, and should not be further disclosed except for purposes having to do with this litigation.

  7. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information. Such Information may be so designated either:

  (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information"; or

  (b) by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

When a designation is made during a deposition, upon the request of counsel, all persons, except persons entitled to receive the Confidential Information pursuant to this Order, shall leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

8. All Confidential Information that is filed with the Court, and any pleadings, motions, exhibits, or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

9. The procedures for use of Confidential Documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider, where practicable, (1) redacting Confidential Documents to remove individual patient identifiers, (2) requesting leave of Court to introduce or submit Confidential Information under seal, (3) coding Confidential Documents or Information to substitute a numerical or other designation for a patient's name or other identifying information, and/or (4) introducing summary evidence from which individual patient names or other identifying information has been redacted or removed. No party shall disclose Confidential Documents or Information in open Court without prior consideration by the Court.

10. This Order shall not preclude any party from contesting the validity or propriety of any claim of confidentiality asserted hereunder by a producing entity. If a disagreement among the producing entity and/or the parties regarding the appropriate designation of Documents as Confidential cannot be resolved, then the dispute may be presented to the Court for resolution by motion or otherwise.

11. Nothing in this Order shall prevent or in any way limit or impair the right of a party to file a motion to unseal any portions of the record for purposes of this litigation. The designated Document or Information shall continue to be treated as Confidential subject to the provisions of this Order pending a ruling by the Court.

12. Within sixty (60) days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, the parties shall destroy or return to the producing entity all Confidential Documents, and any copies thereof that remain in their possession or control, <u>provided</u>, however, that government counsel may retain one copy of any Confidential Documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

13. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein.

14. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability of any material.

15. The termination of this litigation shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Order.

PLAINTIFF, FRANK C. SOMOHANO, SR.

DATE: March 10, 2005  BY: _____
KENNETH E. LENZ, ESQ.
THE LENZ LAW FIRM, L.L.C.
P. O. BOX 965
35 OLD TAVERN ROAD, SUITE 1-2
ORANGE, CT 06477-0965
(203) 891-9800
FEDERAL BAR NO. ct06419

DEFENDANT, UNITED STATES OF AMERICA

DATE: April 7, 2005  BY: _____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
CONNECTICUT FINANCIAL CENTER
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR NO. ct01705